```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF   :
CARPENTERS PENSION FUND, NEW YORK CITY  :
DISTRICT COUNCIL OF CARPENTERS WELFARE  :
FUND, NEW YORK CITY DISTRICT COUNCIL OF :
CARPENTERS VACATION FUND, NEW YORK CITY :
DISTRICT COUNCIL OF CARPENTERS ANNUITY  :
FUND, NEW YORK CITY DISTRICT COUNCIL OF :
CARPENTERS APPRENTICESHIP, JOURNEYMAN   :
RETRAINING, EDUCATIONAL AND INDUSTRY    :
FUND, NEW YORK CITY DISTRICT COUNCIL OF :
CARPENTERS CHARITY FUND, and THE NEW    :    07 Civ. 6931 (DLC)
YORK CITY AND VICINITY CARPENTERS LABOR :
MANAGEMENT COOPERATION FUND, by MICHAEL :        MEMORANDUM
J. FORDE, and PAUL O'BRIEN, as          :      OPINION & ORDER
TRUSTEES,                               :
                                        :
                       Plaintiffs,      :
                                        :
           -against-                    :
                                        :
UNIQUE INSTALLERS INC.,                 :
                                        :
                       Defendant.       :
-------------------------------------X
```

DENISE COTE, District Judge:

Plaintiff pension plans and their trustees ("plaintiffs" or the "plans") filed on August 2, 2007 a petition to confirm and enforce an arbitration award, and for attorney's fees and costs. Service of the summons and complaint was made on Unique Installers Inc., the employer defendant, through the Secretary of the State of New York, on August 13. The defendant did not answer the complaint. On October 9, the plaintiffs submitted a proposed order to show cause for entry of a default. An Order of October 9 advised the parties that the application would be

treated as a motion for summary judgment and set a briefing schedule for the motion. The defendant has not opposed the motion. For the following reasons, the motion for summary judgment is granted.

BACKGROUND

This dispute arises from a collective bargaining agreement (the "Agreement") executed by the plans and the defendant in April 2003. The Agreement requires the defendant to pay contributions toward the employee benefit funds for the duration of the agreement, and also provides the funds with the right to inspect and conduct an audit of the defendant's books and records to verify that the required contributions have been made. At some unspecified point in time, an accountant employed by the funds sought to conduct an audit of the defendant's books and records, and, "[i]n violation of [the Agreement], the Employer did not consent to an audit of the Employer's books and records." On June 6, 2007, the plans served defendant with a Notice of Intention to Arbitrate. They alleged that the defendant had failed to comply with its inspection and audit obligations, and sought to review the defendant's books to determine whether it was in compliance with its contribution obligations for the period spanning January 1, 2005 through the date of the Notice.

A Notice of Hearing dated June 9, 2007 advised the parties that an arbitration hearing was to be held on June 21. The Notice of Hearing was sent to the defendant by both certified and regular mail. On June 21, counsel for plaintiffs appeared at the arbitration hearing held before Arbitrator Robert Herzog; neither the defendant nor any representative made an appearance. The arbitrator received evidence from the plaintiffs, including the Agreement, and, "[b]ased upon the substantial and credible evidence of the case as a whole," found the defendant to be in violation of the Agreement. Accordingly, the arbitrator ruled in plaintiffs' favor and ordered the defendant "to permit and facilitate the Funds conducting an audit of its books and records for the period of January 1, 2005 through to date to determine whether it is in compliance with its obligations to contribute to the funds." In addition, the arbitrator awarded the funds $2,350 in court costs, and attorney's and arbitrator's fees. Plaintiffs now seek confirmation of the arbitrator's award as well as attorneys' fees and costs of this action in the amount of $1,185.

DISCUSSION

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). Instead, a petition to confirm should be "treated as akin to a motion for

3

summary judgment based on the movant's submissions," and where the non-movant has failed to respond, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."  Id. at 109-10 (citation omitted).

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party.  Sista v.. CDC Ixis N. Amer., Inc., 445 F.3d 161, 169 (2d Cir. 2006).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected."  D.H. Blair & Co., 462 F.3d at 110 (citation omitted).  "[T]he showing required to avoid summary confirmation of an arbitration award is very high," id., and a party moving to vacate an award bears "the heavy burden of showing that the award falls within a very narrow set of circumstances delineated

4

by statute and case law." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003). "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." D.H. Blair & Co., 462 F.3d at 110 (citation omitted).

Petitioners have sufficiently supported their petition and demonstrated that there is no question of material fact. Respondent has not submitted any opposition to raise a question of fact. Therefore, the petition to confirm the arbitration award is granted.

Petitioners also seek attorney's fees and costs for the confirmation proceeding. They do not point to any statutory or contractual authority for such legal fees. Nonetheless,

> [p]ursuant to its inherent equitable powers, . . . a court may award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons. As applied to suits for the confirmation and enforcement of arbitration awards, . . . when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.

Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985) (citation omitted). Here, the defendant has presented no justification or reason for its failure to abide by the arbitrator's decision. Therefore, the request for attorney's fees and costs for the confirmation proceeding is granted in the amount of $1,185.

5

CONCLUSION

For the foregoing reasons, the petition to confirm the arbitration award is granted. Attorney's fees and costs for the confirmation proceeding in the amount of $1,185 are awarded to plaintiffs. The Clerk of Court shall enter judgment for the plaintiffs and close the case.

SO ORDERED:

Dated:   New York, New York
         November 19, 2007

                                      _____
                                              DENISE COTE
                                      United States District Judge